IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40258
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY HORACE, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97--CR-105-1
- - - - - - - - - -
November 11, 1998

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Timothy Horace, Jr. argues that the district court erred in enhancing his offense level by seven levels based on his codefendant's discharge of a firearm during the commission of the offense. He further argues that the district court erred in increasing his offense level based on the victim suffering a serious bodily injury within the meaning of U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2B3.1(b)(3)(B). Horace also argues that the district court erred in refusing to reduce his offense level by two levels for the acceptance of responsibility.

We have reviewed the record including the presentence report and have determined that the district court did not clearly err in its factual findings and did not misapply the Sentencing Guidelines in sentencing Horace.

There was reliable evidence in the presentence report (PSR) that was adopted by the district court revealing that Horace along with his coconspirators planned to discharge the weapon to frighten the victim. There was also reliable evidence that showed that the discharge of the weapon was reasonably foreseeable to Horace. The district court did not err in making the seven-level adjustment under § 2B3.1(b)(2)(A). See § 1B1.3(a)(1)(A), (B); United States v. Burton, 126 F.3d 666, 678-79 (5th Cir. 1997).

There was also reliable evidence that the victim sustained a severe injury which caused him extreme pain and required minor surgery to correct. Therefore, the district court did not err in increasing Horace's offense level based on the victim's sustaining a serious bodily injury. See § 1B1.1, comment. (n.1 (j)); United States v. Price, 149 F.3d 352, 354 (5th Cir. 1998).

Lastly, the district court did not err in denying Horace a downward adjustment for acceptance of responsibility because Horace failed to truthfully admit in a timely manner his conduct which occurred during the offense. See § 3E1.1, comment.

(n.1(h)); <u>United States v. Diaz</u>, 39 F.3d 568, 572 (5th Cir. 1994).

AFFIRMED.